UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINEET PAREKH,<br><br>                    Plaintiff,<br><br>       v.<br><br>AVALARA, INC., et al.,<br><br>                    Defendants. | CASE NO. C22-1580 MJP<br><br>ORDER ON SOHOVICH MOTION FOR APPOINTMENT |

This matter comes before the Court on Martin Sohovich's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. (Dkt. No. 15.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 19), Reply (Dkt. No. 30), and all supporting materials, and noting Plaintiff's withdrawal of his motion for appointment as lead plaintiff (Dkt. No. 29), the Court GRANTS in part and DENIES in part the Motion and Appoints Martin Sohovich as Lead Plaintiff, Pomerantz LLP as Lead Counsel and Badgley Mullins Turner, PLLC as Liaison Counsel.

## BACKGROUND

Plaintiff Vineet Parekh filed a shareholder class action complaint against Defendant Avalara, Inc. and several individuals in early November, 2022. (See Dkt. No. 1.) He provided notice to other shareholders of the action. (See Declaration of Jeremy Liberman Ex. 2 (Dkt. No. 16-2).) Parekh filed a motion to be appointed as lead plaintiff and for his counsel to be appointed as lead counsel. (Dkt. No. 12.) Martin Sohovich—an Avalara shareholder—filed a motion to be appointed as lead counsel and for his counsel to be appointed as lead counsel. (Dkt. No. 15.) Parekh filed an opposition to Sohovich's motion (Dkt. No. 19), but then withdrew his own motion for appointment (Dkt. No. 29).

Sohovich asks the Court to appoint him as lead plaintiff given the large number of shares of Avalara he owns and his representation that he will fairly and adequately represent the proposed class and oversee the counsel he selected to represent him. Sohovich asks the Court to appoint as Pomerantz LLP as lead counsel, Badgley Mullins Turner, PLLC as liaison counsel and Wohl & Fruchter LLP as "additional counsel."  (Mot. at 8-9 (Dkt. No. 15).)

## ANALYSIS

A.  **Appointment of Lead Plaintiff**

Under the Private Securities Litigation Reform Act, any potential class member of a proposed class may file a motion to be appointed as lead plaintiff. See 15 U.S.C. § 78u-4(b)(i). The Court must determine which proposed class member seeking appointment is the "most capable of adequately representing the interest of class members." Id. "[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest

financial interest in the relief sought by the class; and (cc)otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(b)(iii). Any person seeking appointment must file a sworn certification that:

> (i) states that the plaintiff has reviewed the complaint and authorized its filing;
> (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;
> (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;
> (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;
> (v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and
> (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A).

The Court finds that Sohovich is an adequate lead plaintiff. First, the presumption of appointment applies to Sohovich because he filed a motion to be appointed in response to the notice Parekh issued, has the largest financial interest of the potential lead plaintiffs, and appears to satisfy typicality and adequacy under Rule 23. As to his financial interest, Sohovich held 3,800 shares of Avalara, while Parekh held only 106 shares. (Compare Lieberman Decl. Ex. A with Declaration of Roger Townsend Ex. B (Dkt. No. 13).) And there are no other individuals seeking appointment as lead plaintiffs. Further, Sohovich has made a preliminary showing that he satisfies as to Rule 23(a)'s typicality and adequacy requirements. He avers that he will prosecute this action on behalf of the class and oversee the work of his chosen counsel. (Lieberman Decl. Ex. D.) And the Court is unaware of any reason why his claims would not be typical of the proposed class. Second, the Court finds that Sohovich has satisfied the requirements of § 78u-4(a)(2)(A). Third, the Court construes Parekh's withdrawal of his motion

ORDER ON SOHOVICH MOTION FOR APPOINTMENT - 3

for appointment as lead plaintiff as a withdrawal of his opposition to Sohovich's motion for appointment. Without Parekh seeking appointment, there is no other lead plaintiff to be considered and this effectively renders Sohovich's motion unopposed. Accordingly, the Court GRANTS the Motion and APPOINTS Sohovich as Lead Plaintiff.

**B.     Appointment of Lead Counsel**

The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(b)(v).

The Court is satisfied that Pomerantz LLP and Badgley Mullins Turner, PLLC will serve the interest of the class and are reasonably selected by Sohovich. Both firms have substantial experience and appear committed to litigate this action, although neither firm filed a complaint. The Court notes that Badgley Mullins is a local firm with experience litigating in this District and is willing to take on the substantial role and duties as liaison counsel to ensure that the filings in this matter conform to the Local Rules and that out-of-state counsel conduct themselves in accordance with the Local Rules and local practice. So while two firms do not necessarily appear necessary to be appointed as lead counsel, the Court finds it appropriate to appoint Pomerantz LLP as Lead Counsel and Badgley Mullins as Liaison Counsel. The Court GRANTS the Motion on this basis and APPOINTS Pomerantz LLP as Lead Counsel and Badgley Mullins as Liaison Counsel.

The Court finds no basis on which to appoint "additional counsel." Sohovich's motion provides no reason why a third firm is necessary and what non-duplicative role the proposed firm might play. The Court finds no reason that another firm should be appointed, particularly when its proposed role is entirely undefined. Accordingly, the Court DENIES the Motion as to the request for appointment of Wohl & Fruchter LLP as "additional counsel."

**CONCLUSION**

The Court GRANTS in part and DENIES in part the Motion. The Court finds that Martin Sohovich is an adequate lead plaintiff and APPOINTS him as Lead Plaintiff. The Court also finds that Pomerantz LLP shall be Lead Counsel and Badgley Mullins Turner, PLLC shall be Liaison Counsel. But the Court rejects the request to appoint Wohl & Fructher LLP as "additional counsel."

The clerk is ordered to provide copies of this order to all counsel.

Dated February 3, 2023.

Marsha J. Pechman
United States Senior District Judge