1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10

VINEET PAREKH,

CASE NO. C22-1580 MJP

11

Plaintiff,

ORDER ON STIPULATED
MOTION RE: SCHEDULING

12

v.

13

AVALARA, INC., et al.,

14

Defendants.

15

16   This matter comes before the Court on the Parties' Stipulated Motion and Proposed Order

17  Regarding Scheduling. (Dkt. No. 34.) Having reviewed the Motion and the balance of the

18  docket, the Court DENIES the Motion.

19                                        **BACKGROUND**

20        Through the Motion, the Parties ask the Court to allow Plaintiff to file an amended

21  complaint by April 4, 2023 and for a lengthy briefing schedule on Defendants' anticipated

22  motion to dismiss that would note on August 18, 2023. This represents a significant enlargement

23  of time relative to the deadlines the Court has already set. Specifically, the Court granted

24

1   Plaintiff Vineet Parekh's stipulated request to file an amended complaint within 30 days of

2   approval of the lead plaintiff. (Dkt. No. 9 at 2-3.) The Court also permitted Defendants to file an

3   answer or motion to dismiss 45 days after the filing of the amended complaint. (Id. at 3.)

4   Plaintiff's response was to be due 45 days later, with a reply served 30 days after the response.

5   (Id.) The Court then appointed lead plaintiff, Martin Sohovich, on February 3, 2023, making the

6   amended complaint due by March 6, 2023. (Dkt. No. 31.) And under the existing schedule, the

7   Motion to Dismiss would be due by April 20, 2023, the response due by June 5, 2023, and the

8   reply due by July 5, 2023.

9                                           **ANALYSIS**

10          Rule 16(b)(4) states that "a schedule may be modified only for good cause and with the

11   judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily

12   considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations,

13   Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[T]he focus of the inquiry is upon the moving party's

14   reasons for seeking modification" and "[i]f that party was not diligent, the inquiry should end."

15   Id. (citation omitted).

16          The Parties have failed to provide good cause to explain why any deviation from the

17   existing court-approved schedule is necessary or appropriate. At most, counsel reference

18   "complexities of the issues and scheduling conflicts" as the reasons for a departure from the

19   existing schedule. (Mot. at 3.) But these are empty statements that do not explain the basis for the

20   request. The Parties fail to explain what the complexities are and why the complexities have

21   changed since the Court first approved a lengthy schedule to amend the complaint and to brief a

22   motion to dismiss. And the Parties have not explained what the scheduling conflicts are and why

23

24

1   they might possibly necessitate a change in the existing schedule. The Court therefore DENIES

2   the Motion in the complete absence of good cause. The existing schedule shall continue to apply.

3        The clerk is ordered to provide copies of this order to all counsel.

4        Dated February 14, 2023.

5

6        Marsha J. Pechman
         United States Senior District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON STIPULATED MOTION RE: SCHEDULING - 3